

ENTERED
06/02/2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                                   )
IN RE                              )
                                   )
NEW MILLENNIUM MANAGEMENT, LLC,    )   CASE NO. 13-35719-H3-11
                                   )
        Debtor,                    )
                                   )
```

### MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Agreed Motion to Convert Case to One under Chapter 7" (Docket No. 117) filed by Randy W. Williams, Chapter 11 Trustee ("Trustee") TexHou Investment Group, Ltd. ("TexHou"). The following are the Findings of Fact and Conclusions of Law of the Court. A separate Judgment will be entered converting the above captioned case to Chapter 7. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

New Millennium Management, L.L.C. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 13, 2013.

On December 13, 2013, TexHou filed a motion to convert the case to Chapter 7, or alternatively for appointment of a Chapter 11 trustee. (Docket No. 42).

On January 7, 2014, TexHou filed a proof of claim in the instant case. TexHou asserts a claim in the amount of $2,050.618.47, secured by real property located at 810 Waugh, Houston, Texas, and the rents on that property.

The court held a contested evidentiary hearing on TexHou's motion to convert. On February 25, 2014, the court entered a judgment (Docket No. 106) directing appointment of a Chapter 11 trustee, and entered a memorandum opinion (Docket No. 105) setting forth the court's findings of fact and conclusions of law with respect to TexHou's motion to convert.

In the court's memorandum opinion on TexHou's motion to convert, the court noted that Debtor's primary business was the operation of the commercial building at 810 Waugh, with 8,700 square feet of net rentable space. The court determined that a trustee should be appointed, in light of self-dealing by Debtor's sole member, David Sheller, inaccurate monthly operating reports, and failure of Debtor to file a plan or disclosure statement. Although cause existed for either conversion to Chapter 7 or appointment of a Chapter 11 trustee at that time, the court concluded that a trustee "should have an opportunity to evaluate the financial affairs of the Debtor, and to proceed toward either reorganization or liquidation." (Docket No. 105).

In the instant motion, the Chapter 11 trustee, Randy W. Williams ("Trustee"), and TexHou, seek conversion of the case to

Chapter 7. Trustee and TexHou assert in the instant motion that liquidation under Chapter 7 will be more efficient, because the Trustee will not be required to prepare monthly operating reports, pay quarterly fees to the United States Trustee, and incur the administrative expenses of proposing a Chapter 11 plan. (Docket No. 117). The motion is opposed by Sheller. Sheller asserts that Trustee has wasted opportunities for reorganization of the business, and has not adequately investigated such opportunities. (Docket No. 136).[1]

At the hearing on the instant motion, Trustee testified that he requested from Sheller copies of documents regarding Debtor's monthly expenditures, and current leases. He testified that the documents he received from Sheller were not complete.

Trustee testified that he received from Sheller a letter of intent to make an offer on the building at 810 Waugh. He testified that he discussed with the potential purchaser the need to have an offer sufficient to pay administrative expenses and all secured claims. He testified that he received a final offer for $2.45 million. He testified he believed an offer of $2.6 million was necessary in order to cover all administrative expenses and secured claims.

---

[1] Sheller advanced these same arguments in seeking reconsideration of the this court's judgment directing appointment of a Chapter 11 trustee. (Docket No. 113). The court denied Sheller's motion for reconsideration. (Docket No. 124).

Trustee testified that he does not believe reorganization is in the best interest of creditors. He testified that Debtor lacks significant equity in the property. He testified that the course of litigation undertaken by Sheller likely would dissuade lenders from offering to refinance the note.

Sheller's sole witness was Jason Whittington, a real estate broker. He testified that he would have wanted to list the property for sale for $3.1 million, and, if the decision were his to make, would settle for $2.9 million. He testified that he did not perform an appraisal of the property, but rather made his estimate based on listings for sale of properties he believes to be comparable.

## Conclusions of Law

Section 1112(b)(1) of the Bankruptcy Code provides for dismissal or conversion of the case, if the movant establishes cause, "unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

> Section 1112(b)(4) of the Bankruptcy Code provides:
>
> For purposes of this subsection, the term 'cause' includes--
>
> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
> (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1112(b).

The Section 1112(b)(4) list of items identified as constituting cause for conversion or dismissal is non-exclusive. See In re Global Ship Systems, LLC, 391 B.R. 193 (Bankr. S.D. Ga. 2007); In re The 1031 Tax Group, LLC, 374 B.R 78 (Bankr. S.D.N.Y. 2007).

Courts consider the totality of the circumstances in determining whether there is cause for dismissal or conversion under Section 1112(b).  See Matter of Atlas Supply Corp., 857 F.2d 1061 (5th Cir. 1988).

In the instant case, the court has previously found cause, and appointed a Chapter 11 trustee, in light of Sheller's self-dealing, inaccurate monthly operating reports, and failure of Debtor to file a plan or disclosure statement.  The cause which justified the appointment of a Trustee warrants the conversion of the case, now that the Trustee has investigated the financial affairs of the Debtor.  The court finds Trustee's testimony credible, with respect to the willingness of potential lenders to refinance Debtor's note, in light of Sheller's litigation activity.  The court finds Whittington's testimony to be credible, but of little weight in determining what the ultimate sales price for the property would be, or to support the inference that a reorganization is possible or probable.[2]  The

---

[2] Sheller expressed a concern that the property might be sold in a "fire sale," yielding a grossly insufficient price.  The court notes that, in a Chapter 7 case, a sale of property not in

court concludes, based on the totality of circumstances, that the instant case should be converted to a case under Chapter 7 of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered converting the above captioned Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

Signed at Houston, Texas on June 2, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

the ordinary course of business would be subject to this court's approval. If a proposed sale yields an insufficient price, the parties may anticipate that such a sale will not be approved.