IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
06/30/2014

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| NEW MILLENNIUM MANAGEMENT, LLC, | ) | CASE NO. 13-35719-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the
"Chapter 7 Trustee's Amended Emergency Application to Employ
Realestateauctions.com as Auctioneer and Motion for Authority to
Sell Real Property of the Estate Located at 810 Waugh Dr.,
Houston, TX 77019" (Docket No. 170).  The following are the
Findings of Fact and Conclusions of Law of the court.  A separate
Judgment will be entered granting the motion.  To the extent any
of the Findings of Fact are considered Conclusions of Law, they
are adopted as such.  To the extent any of the Conclusions of Law
are considered Findings of Fact, they are adopted as such.

Findings of Fact

New Millennium Management, L.L.C. ("Debtor") filed a
voluntary petition under Chapter 11 of the Bankruptcy Code on
September 13, 2013.  This court entered an order directing
appointment of a Chapter 11 Trustee on February 25, 2014.  The
instant case was converted to a case under Chapter 7 of the
Bankruptcy Code on June 2, 2014.  Randy W. Williams ("Trustee")

is the Chapter 7 Trustee.

In the instant motion, Trustee seeks authority to employ an auctioneer, and to sell the real property located at 810 Waugh, Houston, Texas, after the auctioneer conducts an online auction of the real property on July 17, 2014. Trustee seeks to establish a reserve price for the auction sufficient to pay all secured claims in full. Trustee also seeks modification of the stay, in order to allow TexHou Investment Group, Ltd. ("TexHou"), a secured creditor, to post for foreclosure, and if no sale takes place as a result of the auction, to foreclose in August, 2014.

At the hearing on the instant motion, Trustee testified that, prior to filing the instant motion, he marketed the property to persons who had previously expressed an interest in purchasing the property. He testified that the highest offer the estate received was in the amount of $2.45 million.

Trustee testified that, in negotiations with TexHou, it became clear to Trustee that TexHou would not consent to a sale with a lengthy exposure period, but rather would immediately file a motion for relief from stay, in order to seek foreclosure.

Trustee testified that, based on his experience with online auction sales of commercial real property, potential purchasers would pay as much for the property as they would if the property were sold through potential purchasers submitting

individual contracts and conducting negotiations.

Trustee testified that a sale price in excess of $2.9 million (which he estimates would increase to over $3 million with the addition of a buyer's premium as compensation to the auctioneer) would be necessary, in order to pay all existing debts secured by a lien in the property.

The instant motion is opposed by David Sheller, the sole equity owner of the Chapter 7 Debtor.  Sheller asserts that the proposed auction will not yield a price which accurately reflects the value of the property.  Sheller presented the testimony of Michael Lane, an appraiser.  Although Lane's appraisal was not admitted into evidence, Lane testified that, in his opinion, the value of the property, as is, is $2.975 million, and that the value of the property, if it was fully leased, would be $3.065 million.

Lane testified that he prepared his appraisal, and determined his opinion of value, in part based on leases provided to him by Sheller.

Trustee testified that, based on his review of the leases provided to Lane by Sheller, the leases provided to Lane by Sheller were not correct copies of the leases in force with respect to the property.

<u>Conclusions of Law</u>

Sales of property not in the ordinary course of business are governed by Section 363(b)(1) of the Bankruptcy Code.  Section 363(b)(1) incorporates a business judgment standard.  The Trustee must articulate a sound business justification for selling property.  Whether the proffered business justification is sufficient depends on the case.  <u>In re ASARCO, LLC</u>, 650 F.3d 593 (5th Cir. 2011).

In the instant case, Trustee has articulated a sound business reason for conducting an auction sale of the property.  Trustee's concern that, if there is not a quick sale of the property, any potential equity of the estate in the property could be lost in foreclosure, is legitimate.  The reserve price Trustee anticipates setting is very close to Lane's opinion as to the property's value.  The court concludes that the proposed sale is an exercise of Trustee's sound business judgment.

Based on the foregoing, a separate Judgment will be entered granting the "Chapter 7 Trustee's Amended Emergency Application to Employ Realestateauctions.com as Auctioneer and Motion for Authority to Sell Real Property of the Estate Located at 810 Waugh Dr., Houston, TX 77019" (Docket No. 170).

Signed at Houston, Texas on June 30, 2014.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE