IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| NEW MILLENNIUM MANAGEMENT LLC, | ) CASE NO. 13-35719-H3-7 |
| | ) |
| Debtor, | ) |
| | ) |

MEMORANDUM OPINION

The court has held a hearing on the "Emergecy [sic] Motion of David L. Sheller for Stay Pending Appeal" (Docket No. 188). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

New Millenium Management, L.L.C. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 13, 2013.

Debtor's primary asset is a commercial building located at 810 Waugh, Houston, Texas,

On December 13, 2013, TexHou Investment Group, Ltd. ("TexHou"), Debtor's major secured creditor, filed a motion to convert the case to Chapter 7, or alternatively for appointment

of a Chapter 11 trustee.  (Docket No. 42).

After a contested hearing, the court entered a Judgment directing appointment of a Chapter 11 trustee on February 25, 2014.  (Docket No. 106).  Randy Williams ("Trustee") was appointed as the Chapter 11 Trustee.

In determining to appoint a Chapter 11 trustee rather than converting the case to Chapter 7 during February, 2014, this court found, <u>inter</u> <u>alia</u>, that, during the approximately five and one half months after the date of filing of the voluntary petition, Debtor had not filed a plan of reorganization or a disclosure statement, and Debtor's principal owner, David Sheller, had engaged in self-dealing in determining that Sheller's law firm would not pay cash rent to Debtor.  The court concluded that a Chapter 11 trustee should have the opportunity to evaluate the financial affairs of the Debtor, and proceed toward either reorganization or liquidation.  (Docket No. 105).

Trustee and TexHou filed a motion to convert the case to Chapter 7 on March 20, 2014.  (Docket No. 117).  The motion to convert was opposed by Sheller.  The motion to convert was set for an evidentiary hearing on April 15, 2014.

Trustee, as the Chapter 11 Trustee, filed a motion to sell the property at auction on May 29, 2014.  (Docket No. 162).

The court entered a Judgment converting the instant case to Chapter 7 on June 2, 2014.  (Docket No. 164).  Randy

Williams remained as the Chapter 7 Trustee.

On July 7, 2014, Sheller filed a notice of appeal of the Judgment converting the instant case to Chapter 7. (Docket No. 185).

On June 10, 2014, Trustee amended his motion to sell the property, asserting the motion in his new role as the Chapter 7 Trustee. (Docket No. 170).

Trustee's motion to sell was opposed by Sheller. After a contested evidentiary hearing, the court entered a Judgment granting the motion to sell, at an auction to be held on July 17, 2014. The Judgment also provides that if the property does not sell at auction on July 17, 2014, the automatic stay of 11 U.S.C. § 362 lifts to allow TexHou to exercise its rights under applicable law with respect to the property. (Docket No. 182).

In determining to grant approval of an auction sale of the property, the court took into consideration the efforts of the Trustee to sell the property by conventional means, the fact that the Trustee proposed a reserve price in excess of $2.9 million,[1] while Sheller's appraiser testified to a value of $2.975 million to $3.065 million, and the likelihood that TexHou would be able to obtain relief from stay and simply foreclose on

---

[1] This amount represents Trustee's estimate of the total of secured claims (See Docket No. 181, at p. 3).

Debtor's interest in the property in the absence of an expedited sale. (Docket No. 181).

In the instant motion, Sheller seeks a stay of the sale and of the lifting of stay with respect to the property, pending his appeal of this court's order converting the case to Chapter 7. Sheller asserts that he will succeed on the merits of his appeal, because he believes this court implicitly found the existence of unusual circumstances in appointing a Chapter 11 trustee; that a plan will be confirmed within a reasonable period of time; and that the self-dealing conduct found by the court on the first motion to convert was cured by appointment of a Chapter 11 Trustee. He asserts that he will be irreparably harmed absent a stay, because the most likely result of an auction is that any value in excess of TexHou's claim will be lost. He asserts that no other party will be injured if a stay is granted, because there is a substantial amount of equity in the property. He asserts that public policy favors maintaining the status quo. (Docket No. 188). The instant motion is opposed by TexHou and by Trustee.

Sheller's evidence in support of the instant motion consists solely of the testimony of Michael Lane, an appraiser who testified at the hearing on the motion to sell. At the hearing on the instant motion, Lane reiterated his opinion of value for the property of $2.975 million to $3.065 million. He

4

testified that the value of $2.975 million is for the property "as is," and the value of $3.065 million is for the property fully leased. He testified that he valued the property on an income basis based on leases provided to him by Sheller. He testified that he considered industry standard publications to estimate expenses related to the property. He testified that he applied a market rental rate to the space occupied by Sheller's law firm based on his survey of area rental property.[2]

## Conclusions of Law

A four-factor test governs a court's consideration of a motion for stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Nken v. Holder, 556 U.S. 418, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009). The party requesting a stay has the burden of showing that circumstances justify an exercise of the court's discretion to grant a stay pending appeal. Id.

In the instant case, Sheller's evidence does not support his asserted theory for a stay pending appeal. Lane's

---

[2] Although Lane's testimony as to value is in evidence, his written appraisal report is not in evidence.

opinion testimony as to value does not address any of the factors for a stay pending appeal, and does not support an inference of facts sufficient to justify an exercise of the court's discretion to grant a stay pending appeal.³  The court concludes that Sheller has failed to meet his burden of proof.  The court concludes that stay pending appeal should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Emergecy [sic] Motion of David L. Sheller for Stay Pending Appeal" (Docket No. 188).

Signed at Houston, Texas on July 15, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

³The court notes that Lane's opinion of value reflects that Debtor may have a maximum of $165,000 in equity in the property, if it were fully leased, and may have $75,000 in equity over the claims of secured creditors in its "as is" condition.