

ENTERED
08/18/2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| NEW MILLENNIUM MANAGEMENT, LLC, | ) | CASE NO. 13-35719-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Corral Tran Singh, LLP Amended Final Application for Approval of Compensation for Services Rendered, and Reimbursement of Expenses Incurred as Chapter 11 Bankruptcy Counsel for Debtor for the Time Period of January 5, 2014 to February 25, 2014" (Docket No. 161). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

New Millennium Management, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 13, 2013. Debtor's primary business prepetition was

the operation of a commercial building located at 810 Waugh, Houston, Texas.  (Docket No. 105).

Randy W. Williams was appointed as the Chapter 11 Trustee on February 28, 2014.  The case was converted to a case under Chapter 7 of the Bankruptcy Code on June 2, 2014.  Debtor initially was represented in the instant case by Margaret McClure.  Debtor sought authority to employ McClure as counsel for the Debtor in possession.  The court granted Debtor's application to employ McClure, by order entered on October 23, 2013.  (Docket No. 21).

On December 13, 2013, TexHou Investment Group, Ltd. ("TexHou") filed a motion to convert the case to Chapter 7, or for appointment of a Chapter 11 Trustee.  (Docket No. 42).  The motion was set for a hearing on January 10, 2014.

On January 6, 2014, Debtor filed an application to employ Corral Tran Singh, LLP ("Applicant") as its counsel, with Susan Tran as attorney in charge.  In the application, Debtor stated that it had terminated McClure's representation of Debtor on January 4, 2014.  (Docket No. 57).

On the same date, Debtor, through Applicant, filed a motion to continue the hearing on TexHou's motion to convert or appoint a trustee, asserting that Applicant had not had sufficient time to review the documents prior to the hearing set

on January 10, 2014.  (Docket no. 58).  The motion was amended to assert that Applicant had not yet been able to obtain Debtor's file from McClure or the exhibits from a 2004 examination by TexHou, or to conduct discovery in preparation for the hearing. (Docket No. 60).

On January 10, 2014, the court held a hearing on Debtor's motion to use cash collateral (which had been filed by McClure) and denied the motion.  The court reset the hearing on TexHou's motion to convert or dismiss to January 22, 2014. (Docket No. 76).

On January 13, 2014, the court granted the application to employ Applicant, and substituted Applicant in place of McClure as attorney for the debtor in possession.  (Docket Nos. 79, 80).

On January 22, 2014, the court commenced the evidentiary hearing on TexHou's motion to convert or dismiss. Debtor called David Sheller, Debtor's sole member, to testify, and conducted the direct examination of Sheller.  The hearing was not concluded on January 22, 2014.  The court directed that the hearing was to resume on January 23, 2014.  (Docket No. 88).

On January 23, 2014, Debtor moved to continue the hearing, arguing that Sheller, who is an attorney, was required to appear in California for a hearing.  (Docket No. 90).  The

court granted a continuance to January 30, 2014. (Docket No. 91).

On January 27, 2014, Debtor, through Applicant, filed an amended motion to use cash collateral, and an application to employ special counsel.[1] (Docket Nos. 97, 98).

On January 30, 2014, the court concluded the hearing on TexHou's motion to convert, or for appointment of a Chapter 11 trustee. The matter was taken under advisement.

On February 25, 2014, the court entered a memorandum opinion and a judgment directing appointment of a Chapter 11 trustee. (Docket Nos. 105, 106). Williams was appointed as the Chapter 11 trustee on February 28, 2014. (Docket No. 111). The case was converted to Chapter 7 on June 2, 2014. (Docket No. 164).

In the instant application, Applicant seeks allowance of $11,700 in fees, and $121.00 in expenses, for the period from January 5, 2014 through February 25, 2014. (Docket No. 127).

Applicant's time records reflect that Applicant is billing $1,100 for an initial meeting with Sheller, preparation of an engagement letter, preparation of a notice of appearance, and preparation and filing of an application to employ. (Docket

---

[1] Special counsel was sought to prosecute a trespass to try title action regarding real property located in Galveston, Texas.

No. 127).

The time records reflect that Applicant billed $320 to review Debtor's schedules, $360 to prepare the first motion for continuance of the hearing on TexHou's motion to convert, an additional $280 to prepare an amended motion for continuance. (Docket No. 127).

The time records reflect that Applicant billed $960 to prepare for the January 10, 2014 hearing on TexHou's motion to convert or appoint a trustee, and an additional $920 to prepare for the January 10, 2014 hearing on Debtor's motion to use cash collateral. (Docket No. 127).

The time records reflect that Applicant billed $480 in additional preparation for the January 22, 2014 hearing on the motion to convert or appoint trustee. (Docket No. 127).

The time records reflect that Applicant billed $980 preparing applications to employ an appraiser and special counsel. (Docket No. 127).

The time records reflect the Applicant billed $180 to review Debtor's monthly operating reports for December, 2013 and January, 2014. (Docket No. 127).

The time records reflect that Applicant billed $140 for reviewing this court's Memorandum Opinion and contacting the Chapter 11 trustee. (Docket No. 127).

The time records reflect that Applicant billed $3,340 for settlement negotiations with TexHou. (Docket No. 127).

At the hearing on the instant application, Susan Tran testified that Applicant's services were of benefit to the bankruptcy estate in that "it did give the Debtor a fair shot at having a Chapter 11 trustee appointed, instead of automatically going into liquidation."

<u>Conclusions of Law</u>

Section 330 of the Bankruptcy Code provides in pertinent part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103 –
>
>> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses.
>
> * * *
>
> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

>  (A) the time spent on such services;
>
>  (B) the rates charged for such services;
>
>  (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>  (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
>  (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
>  (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for -
>
>>  (i) unnecessary duplication of services; or
>>  (ii) services that were not -
>>
>>>  (I) reasonably likely to benefit the debtor's estate; or
>>>  (II) necessary to the administration of the case.

11 U.S.C. § 330.

In <u>Matter of Pro-Snax Distributors, Inc.</u>, 157 F.3d 414 (5th Cir. 1998), the Fifth Circuit held that, in assessing whether to allow fees incurred in a Chapter 11 case prior to the appointment of a trustee, the court must consider whether the

7

services resulted in an identifiable, tangible, and material benefit to the bankruptcy estate.  157 F.3d, at p. 426.

A service may benefit the bankruptcy estate without resulting in a quantifiable or monetary return.  <u>In re MSB Energy, Inc.</u>, 450 B.R. 659 (Bankr. S.D. Tex. 2011).

In the instant case, Applicant's services in consulting with Sheller, getting up to speed on the case, and preparation for the hearing on TexHou's motion to convert or dismiss, as well as applications to employ an appraiser and special counsel, did not result in an identifiable, tangible, and material benefit to the bankruptcy estate.  Applicant's services in attempting to negotiate with TexHou, resulted in an identifiable, tangible, and material benefit to the bankruptcy estate, in that they informed Trustee's efforts to propose terms for recovering some value for creditors in a sale.  Applicant's services in reviewing Debtor's monthly operating reports resulted in an identifiable, tangible, and material benefit to the bankruptcy estate, in the form of identifying the estate's assets, for further administration by the trustee.

Applicant's services in seeking continuance resulted in an identifiable, tangible, and material benefit to the bankruptcy estate, in the form of having necessary witnesses present for the

hearing on the motion to convert or appoint trustee. However, those services were duplicated in the preparation of an amended motion just one day after the initial motion was filed.

Applicant's services in reviewing the Memorandum Opinion and contacting Trustee resulted in no identifiable, tangible, and material benefit to the bankruptcy estate.

The court concludes that Applicant should be allowed a fee in the amount of $3,880.[2]

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on August 18, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes that all of the services rendered, while some did not result in an identifiable, tangible, and material benefit to the bankruptcy estate, were necessary to the administration of the case. In the absence of the Pro-Snax rule, the court would allow all the fees requested, except for those arising from duplication on the motions for continuance. However, despite some criticisms, the rule in Pro-Snax remains binding precendent. See In re Woerner, --- F.3d. ----, 2014 WL 3443653 (5th Cir. 2014).